SHELDON, PLAINTIFF-APPELLEE, *v.* SHELDON, DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Mahoning County.

No. 4126.   Decided April 18, 1961.

*Mr. Joseph P. Morgan*, for plaintiff-appellee.
*Messrs. Henderson & Covington*, for defendant-appellant.

GRIFFITH, J.   This appeal on questions of law is from an action in the Domestic Relations Court of Mahoning County

wherein the plaintiff in the court below filed a petition for divorce on the grounds of extreme cruelty and gross neglect of duty.

There are no children involved in this litigation.

The plaintiff in support of her petition called five witnesses who testified to her good character and her competency as a wife. She likewise took the stand and testified, and her testimony in no wise supported the charge of gross neglect of duty or extreme cruelty, nor did the testimony of her witnesses form the basis of the charge embraced in the plaintiff's petition.

At the conclusion of the trial the court took the matter under advisement, but in so doing made this comment:—

"The Court: Here is a girl that would like to get ahead, but that does not give us a ground for divorce. She married, to my way of thing, a backwoods man or just a farmhand, and that is all he ever will be; and while I don't blame her for wanting to get rid of him or get divorced from him, I am afraid there isn't much to prove that she did. There has not been any demands made on him that he move out of there and take her somewhere else, no demands to pay her bills, no demands that he support her. This girl has applied herself and wants to go along and does not want any part of the lug she married, pardon me, I should not say lug. That expression is probably my position. I am afraid the court does not see any grounds for divorce here, but I am still of the same opinion this girl ought not to be tied to this fellow. I do not see how I am going to do it. It is very difficult.

"Mr. Morgan: Well, I think that the defendant has stated that reason that he is contesting the divorce is evidently he feels she will change her mind and come back.

"The Court: Yes, that is all. He is not doing anything about trying to do it. He is sitting back, and, frankly, rather disgusted with him, but he has nothing that is a violation of the law. That is all. Frankly, I think—

"Mr. Morgan: Well, I feel this way, Your Honor, I think if he wants to be the husband of this woman he ought to contribute support. We have asked for alimony and counsel fees in this case and we have tried it, at least her side of the case.

"The Court: Well, I think the court will take that under consideration and will not decide that just now and we will con-

tinue this to another date and complete the evidence in the event we decide we have to have any more evidence. I am doubtful about that, but the court wants to take it under consideration.

It is the unanimous opinion of this court that on the record before us we find no testimony warranting a decree of divorce on any grounds, and that the decree granted in this case is against the manifest weight of the evidence and contrary to law, and must be and hereby is reversed, and the cause is remanded to the Court of Common Pleas, Division of Domestic Relations, for further proceedings according to law.

BROWN, P. J., and DONAHUE, J, concur.